UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Jacob E. Palo

   v.                                                   Civil No. 12-fp-407

David Dionne, Superintendent,
Hillsborough County Department
of Corrections

**REPORT AND RECOMMENDATION**

    Jacob Palo, a pretrial inmate at the Hillsborough County House of Corrections ("HCHC"), has filed a complaint (doc. no. 1) alleging that defendant David Dionne, the HCHC Superintendent, has violated, and continues to violate, Palo's rights during his detention. Before the court is Palo's motion for injunctive relief (doc. no. 4) and the addendum filed thereto (doc. no. 7). The motion has been referred to this magistrate judge (doc. no. 5) for a recommendation as to disposition pursuant to 28 U.S.C. § 636.

**Preliminary Injunction Standard**

    "A preliminary injunction is an 'extraordinary and drastic remedy.'" Peoples Fed. Sav. Bank v. People's United Bank, 672 F.3d 1 (1st Cir. 2012) (quoting Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011).

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); see also People's Fed. Sav. Bank, 672 F.3d at 8-9.

"'[P]erhaps the single most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered.'" Voice of the Arab World, 645 F.3d at 32 (quoting 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2948.1 (2d ed. 1995)). "[I]n most cases, 'irreparable harm constitutes a necessary threshold showing for an award of preliminary injunctive relief.'" González-Droz v. González-Colon, 573 F.3d 75, 79 (1st Cir. 2009) (quoting Charlesbank Equity Fund II v. Blinds To Go, Inc., 370 F.3d 151, 162 (1st Cir. 2004)).

## Background[1]

Palo alleges that he is receiving an "inadequate amount of nutritious food," at the HCHC, and that as a result, he lost

---

[1] In the complaint (doc. no. 1) and the addendum to the motion for preliminary injunction (doc. no. 7), Palo asserts additional claims for relief. Those claims will be addressed when the court conducts preliminary review of this matter, after Palo has paid the filing fee in this case, or his in forma pauperis application has been granted.

thirty pounds between August 29, 2012, and November 23, 2012. Palo further alleges that he often feels faint and dizzy as a result. Palo states that he has "explained" the situation to unnamed HCHC officials, but it has not been rectified.

## Discussion

"[F]ood is one of life's basic necessities." Foster v. Runnels, 554 F.3d 807, 813 (9th Cir. 2009). "The sustained deprivation of food can be cruel and unusual punishment when it results in pain without any penological purpose." Id. at 814. The prolonged or repeated denial of adequate nutrition may create a serious risk of harm to an inmate. See id.; see also Feliciano v. Burset, No. 79-4(PG), 2010 WL 4922700, *17 (D.P.R. Dec. 2, 2010) (food not provided to inmates in sufficient quantities is not nutritionally adequate) (collecting cases).

Palo's initial complaint does not, by itself, allege sufficient facts to show that he is being denied adequate nutrition, or that he has suffered a significant risk to his health due to food deprivation. Palo's addendum to his request for injunctive relief states generally that he does not receive adequate nutritious food, and that he often feels faint or dizzy as a result.

Palo's allegations fail to demonstrate that he has been subjected to food deprivation such that he is likely to suffer

3

irreparable harm in the absence of an injunction. Palo has failed to state what food he is actually provided, what nutritional needs he has that are not being met, whether he eats all of the food provided to him, or any other facts to allow the court to find that he is at risk of irreparable harm because he is not given enough nutritional food. Palo does not state that his dizziness and faintness require medical attention or otherwise pose a serious risk to his health. Further, Palo does not state what he weighed on August 29, 2012, before he started losing weight, or how the loss of thirty pounds in three months, which amounts to less than three pounds a week, constitutes an immediate risk of irreparable harm in the absence of court intervention.

At this time, Palo has failed to state sufficient facts to show that there is a substantial risk of irreparable harm if the court does not issue an injunction. Accordingly, Palo is not entitled to injunctive relief and the motions seeking such relief (doc. nos. 4 and 7) should be denied.

## Conclusion

For the foregoing reasons, the court recommends that the request for injunctive relief (doc. nos. 4 and 7) be denied. Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R.

Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya B. McCafferty
United States Magistrate Judge

Date: December 11, 2012

cc: Jacob E. Palo, pro se

LBM:jba