UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


<u>Jacob E. Palo</u>

    v.                                          Civil No. 12-cv-407-JD

<u>David Dionne, Superintendent,
Hillsborough County Department
of Corrections</u>


**O R D E R**

Before the court is Jacob Palo's complaint (doc. no. 1) and addenda thereto (doc. nos. 4 and 7),[1] asserting that defendant David Dionne, the Superintendent of the Hillsborough County Department of Corrections ("HCDC"), has violated Palo's constitutional rights during Palo's incarceration at the HCDC. The matter is before the court for preliminary review to determine, among other things, whether the complaint states any claim upon which relief might be granted.  <u>See</u> 28 U.S.C. § 1915A(a); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2).  For reasons explained

---

[1] Palo filed a motion for injunctive relief (doc. no. 4) and an amended motion for injunctive relief (doc. no. 7) that have been denied.  <u>See</u> Order (doc. no. 14). Because those motions asserted facts relevant to the court's consideration of the underlying claims in the complaint, along with new claims for relief, the court will consider the factual allegations in those motions to be part of the complaint in this matter for all purposes.

herein, the court grants Palo leave to amend one of the claims in his complaint. The court intends to complete its preliminary review of the complaint either after Palo files an amended complaint in this action, or after the time allowed for him to do so elapses.

### Preliminary Review Standard

Pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915A(a), the magistrate judge conducts a preliminary review of pro se in forma pauperis complaints before defendants have an opportunity to respond to the claims. The magistrate judge may direct service of the complaint, or, as appropriate, recommend to the district judge that one or more claims be dismissed if: the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim upon which relief may be granted, the allegation of poverty is untrue, or the action is frivolous or malicious. See 28 U.S.C. § 1915A(b); LR 4.3(d)(2).

In determining whether a pro se complaint states a claim, the court must construe the complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief

that is plausible on its face.'" See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010). To determine plausibility, the court treats as true all well-pleaded factual allegations, and construes all reasonable inferences drawn therefrom in the plaintiff's favor. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

## Discussion

Palo asserts in his complaint (doc. nos. 1, 4 & 7), that he was subjected to unconstitutional strip searches at the HCDC, in violation of his Fourth Amendment rights.[2] To evaluate a Fourth Amendment claim based on improper strip searches, the court reviews the facts alleged in light of four factors relevant to its consideration: 1) the scope of the intrusion; 2) the manner in which the search was conducted; 3) the justification for the search; and 4) where the search was conducted. See Bell v. Wolfish, 441 U.S. 520, 559 (1979).

---

[2] In his complaint (doc. nos. 1, 4 & 7), Palo has asserted a number of other claims in this matter that are not relevant to the strip search claim discussed in this order, and will thus not be addressed at this time.

Palo alleges that while he was housed at the HCDC, he was strip-searched up to four times daily, and that the searches humiliated him in an unspecified manner. As to the first Bell factor, Palo does not describe the scope of the search except to call it a "strip" search. As to the second factor, Palo does not describe the specific manner in which the searches were conducted that caused him to be humiliated. As to the third and fourth factors, Palo does not state facts to indicate whether there was any particularized justification for any of the strip searches, or where the searches were conducted.

Palo's assertion that he was strip-searched up to four times a day in a manner that humiliated him is not sufficient to assert a plausible claim that Palo was subjected to unreasonable searches under the Fourth Amendment. In addition to his failure to describe any specific facts about the searches, Palo has not identified any individual officer or officers who actually conducted the strip searches, and precisely what each officer did that violated Palo's rights.

The court finds, however, that the allegations Palo has asserted to date do not rule out the possibility that Palo could, by asserting additional facts describing the specifics of the strip searches, state a Fourth Amendment claim upon which

4

relief might be granted.  Accordingly, the court grants Palo leave to file an amended complaint that asserts facts to demonstrate that he can assert a plausible Fourth Amendment claim for relief.

Finally, the court notes that Superintendent Dionne is the only defendant named in the complaint.  Palo has neither identified any individual officer who actually conducted the search nor stated what that officer did or failed to do that violated Palo's rights under the Fourth Amendment.  Further, Palo has not stated any specific act or omission on the part of Dionne that has violated Palo's rights.  Palo will thus be given the opportunity to identify the defendants he intends to sue in this matter, and to state, with specificity, how that individual violated Palo's Fourth Amendment rights.

## Conclusion

Palo is granted leave to file an amended complaint in this matter, within thirty days of the date of this order, as follows:

   1.   Palo must identify the officers who conducted the allegedly improper strip searches of Palo;

   2.   As to each named defendant, Palo must state, with specificity, what actions the defendant took that violated Palo's rights, including, for example: the scope of the searches; the manner and frequency with which the searches

were conducted; the circumstances under which the searches took place, where the searches were done, and who was present during the searches.

Upon receipt of Palo's amended complaint, or upon expiration of his time to file an amended complaint, the court will complete the preliminary review in this matter.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

April 22, 2013

cc:   Jacob E. Palo, pro se

LBM:jba