### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW HAMPSHIRE


Jacob E. Palo

    v.                          Civil No. 12-cv-407-JD

David Dionne, Superintendent,
Hillsborough County Department
of Corrections


### REPORT AND RECOMMENDATION


Before the court is Jacob Palo's complaint (doc. no. 1) and addenda thereto (doc. nos. 4 and 7), asserting that defendant David Dionne, the Superintendent of the Hillsborough County House of Corrections ("HCHC"), violated Palo's constitutional rights during Palo's pretrial incarceration at that facility.[1] The matter is before the court for preliminary review to determine, among other things, whether the complaint states any claim upon which relief might be granted. See 28 U.S.C. § 1915A(a); LR 4.3(d)(2).

---

[1] Palo filed two motions for injunctive relief (doc. nos. 4 and 7) which were denied. See Order (doc. no. 14). Because those motions assert facts that are relevant to the court's consideration of the underlying claims in the complaint, the court construes them as addenda to the complaint, and considers the factual allegations therein to be part of the complaint in this matter for all purposes.

**Standard of Review**

Pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915A(a), the magistrate judge conducts a preliminary review of pro se in forma pauperis complaints before defendants have an opportunity to respond to the claims.  The magistrate judge may direct service of the complaint, or, as appropriate, recommend to the district judge that one or more claims be dismissed if: the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim upon which relief may be granted, the allegation of poverty is untrue, or the action is frivolous or malicious.  See 28 U.S.C. § 1915A(b); LR 4.3(d)(2).

In determining whether a pro se complaint states a claim, the court must construe the complaint liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To determine plausibility, the court treats as true all well-pleaded factual allegations, and construes all reasonable inferences drawn therefrom in the plaintiff's favor.  See Ocasio-Hernández v. Fortuño-Burset, 640

F.3d 1, 12 (1st Cir. 2011).  Applying this standard, the court
addresses each of Palo's claims below.

**Discussion**

I.   <u>Access to the Courts</u>

Palo complains that he has not been given "hands on" access
to the law library and must instead request specific materials
from the library.  He complains that jail officials might have
gained access to his confidential defense strategy in his
criminal case due to their knowledge of his legal research.

A claim of insufficient law library access is cognizable,
if at all, as a claim for the denial of an inmate's First
Amendment right to meaningful access to the courts.  To state
such a claim, plaintiff must demonstrate that the legal
resources available to him were inadequate to meet his need to
conduct legal research, and that his legal status was harmed by
the deprivation of adequate legal materials.  <u>See</u> <u>Christopher v.
Harbury</u>, 536 U.S. 403, 413 (2002) (citing <u>Lewis v. Casey</u>, 518
U.S. 343, 351 (1996)).

Here, Palo states no facts indicating that any criminal or
civil litigation in which he was involved was negatively
impacted by the restrictions imposed on his law library access.
Accordingly, Palo's law library claim should be dismissed.

## II.   Inadequate Nutrition

Palo alleges that he was denied adequate nutrition at the HCHC.  As a result, Palo states that he lost thirty pounds in approximately three months, and sometimes felt faint and dizzy.

A prison inmate may assert a cause of action for the denial of adequate nutrition where such a deprivation creates a serious risk of harm to an inmate.  See Foster v. Runnels, 554 F.3d 807, 814 (9th Cir. 2009); Feliciano v. Burset, No. 79-4(PG), 2010 WL 4922700, *17 (D.P.R. Dec. 2, 2010) (inadequate nutrition may be demonstrated by inadequate quantity of food) (collecting cases). Palo has not alleged facts to demonstrate that the food provided was either nutritionally inadequate or insufficient in amount. Palo's allegations of weight loss and dizziness, without more, fail to demonstrate that he has been exposed to a serious risk of harm.  Palo has thus failed to state sufficient facts to support a claim based on the denial of adequate nutrition, and the claim should be dismissed.

## III.   Programming

Palo asserts that he did not have access to bible study, Narcotics Anonymous, or Alcoholics Anonymous programs while he was housed in maximum security at the HCHC.  Inmates have no liberty interest in access to educational or rehabilitative programming during their incarceration.  See Moore v. Weeden,

C.A. No. 09-434 S, 2010 WL 737655, *4 (D.R.I. Mar. 1, 2010)
(citing Washington v. Borejon, 324 F. App'x 741, 741 (10th Cir.
2009), and Fiallo v. de Batista, 666 F.2d 729, 730-31 (1st Cir.
1981)); cf. Proverb v. O'Mara, Civil No. 08-cv-431-PB, 2009 WL
368617, *11 (D.N.H. Feb. 13, 2009) (finding inmate's
constitutional rights were not violated where bible study class
was denied absent a showing that inmate's right to practice his
religion was unreasonably abridged), report and recommendation
approved by, 2009 WL 1292126 (D.N.H. May 6, 2009).[2]
Accordingly, Palo cannot assert a deprivation of his
constitutional rights based on the denial of access to
programming, and this claim should be dismissed.

IV.  Strip Searches

Palo asserted a claim in his complaint that one or more
employees of the HCHC subjected him to humiliating strip
searches, up to four times daily, in violation of his rights.
On April 22, 2013, the court issued an order (doc. no. 15)
directing Palo to amend the strip search claim to state
sufficient facts to support the claim, which Palo has failed to
do.  Accordingly, for the reasons stated in the April 22, 2013,

---

[2]Palo has made no claim that his right to practice his
religion was impaired by the denial of bible study.  The court
does not therefore consider here whether the denial of bible
study could support such a claim.

order (doc. no. 15), the court finds that Palo has failed to state a plausible claim for relief based on the strip searches, and recommends that the claim be dismissed.

V.   Personal Property

Palo asserts that he was subject to frequent cell searches at the HCHC, and that his personal property was damaged during those searches.  Palo complains that the damage constituted a deprivation of property without due process.

A state prisoner has no cognizable right of action under 42 U.S.C. § 1983 for an unauthorized intentional or negligent deprivation of property by a state employee, if a meaningful state post-deprivation remedy is available to the plaintiff to redress his loss.  See Hudson v. Palmer, 468 U.S. 517, 533 (1984); San Gerónimo Caribe Project v. Acevedo-Vilá, 687 F.3d 465, 480-81, 490 (1st Cir. 2012), cert. denied, 133 S. Ct. 1580 (2013).  The HCHC is a governmental unit subject to suit at state law for property damage.  See N.H. Rev. Stat. Ann. § 507-B:2 ("[a] governmental unit may be held liable for damages in an action to recover for . . . property damage caused by its fault or by fault attributable to it, arising out of . . . operation of all . . . premises").  Palo has not pleaded any facts

suggesting that the available state law remedy would be inadequate to redress his loss.  Accordingly, Palo's due process claim based on the destruction of his personal property is not cognizable in this action, and should be dismissed.

VI.  Conditions of Confinement

Palo claims that his Fourteenth Amendment right to humane conditions of confinement was violated during his pretrial detention at the HCHC as follows:

- Palo was subject to unwarranted confinement in maximum security, in that he was placed there due to his past history of institutional behavior and his physical size, rather than his more recent behavior at the HCHC;

- Palo was housed in an extremely cold cell;

- Palo's cell was lit for eighteen hours a day, resulting in his being denied eight hours of uninterrupted sleep;

- Palo had to use dirty, moldy, and smelly showers; and

- Palo was provided insufficient opportunity to maintain his personal hygiene, in that he was sometimes unable to brush his teeth more than once a day, was never allowed to floss, was not given enough opportunity to shave, and was sometimes denied shampoo, soap, and deodorant.

An inmate is protected from conditions of confinement that, "from an objective standpoint, . . . deny him the minimal measure of necessities required for civilized living." Surprenant v. Rivas, 424 F.3d 5, 18 (1st Cir. 2005) (citing

Farmer v. Brennan, 511 U.S. 825, 834 (1994)).[3]  The
plaintiff must also demonstrate that "from a subjective
standpoint, the defendant was deliberately indifferent to inmate
health or safety."  Surprenant, 424 F. 3d at 18-19 (citing
Farmer, 511 U.S. at 836-37).

In order to state a conditions of confinement claim, Palo
must assert facts to demonstrate that a responsible prison
official was aware that the challenged conditions created a
significant risk of serious harm to Palo, and that the official
disregarded the risk.  The allegations in the complaint do not
show that Palo was at risk of serious harm due to his placement
in maximum security.  Thus, those allegations cannot demonstrate
that any particular official was aware of and disregarded a risk
of serious harm.  Accordingly, Palo has failed to state any
conditions of confinement claim upon which relief might be
granted and those claims should be dismissed.

---

[3]Because Palo was incarcerated at the HCHC as a pretrial
inmate, his claim of inhumane conditions of confinement arises
under the Fourteenth Amendment.  The Fourteenth Amendment's
protection of plaintiff's right to humane conditions of
confinement is coextensive with the Eighth Amendment's
protection of convicted prisoners from cruel and unusual
punishment.  See Surprenant, 424 F.3d at 18.

VII. <u>Retaliation</u>

Palo states that all of the adverse conditions of confinement he suffered at the HCHC were the result of retaliation against him.  To state a First Amendment retaliation claim, Palo must allege facts showing: (1) that the conduct which led to the alleged retaliation was protected by the First Amendment; (2) that he suffered adverse action at the hands of the prison officials; and (3) that there was a causal link between the exercise of his First Amendment rights and the adverse action taken.  <u>See</u> <u>Hannon v. Beard</u>, 645 F.3d 45, 48 (1st Cir. 2011), <u>cert. denied</u>, 132 S. Ct. 1105 (2012).

To support his retaliation claim, Palo alleges only that when he requested transfers out of maximum security or out of the HCHC altogether, HCHC employees denied the transfers and told him that he had to improve his behavior in order to improve his housing conditions.  Palo contends, however, that his behavior was appropriate.  Other than his transfer requests, Palo has not alleged that he engaged in any conduct that served as a motive for the alleged retaliation.  Even assuming that Palo's transfer requests constituted protected conduct, Palo has not alleged that his transfer requests provoked any worsening of the conditions of his confinement, or any other adverse act.

Palo has thus failed to state sufficient facts to support a
retaliation claim, and the claim should be dismissed.

## Conclusion

For the foregoing reasons, the court recommends that the
complaint in this matter (doc. nos. 1, 4 and 7) be dismissed in
its entirety.  Any objections to this report and recommendation
must be filed within fourteen days of receipt of this notice.
See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within
the specified time waives the right to appeal the district
court's order.  See United States v. De Jesús-Viera, 655 F.3d
52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012);
Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564
(1st Cir. 2010) (only issues fairly raised by objections to
magistrate judge's report are subject to review by district
court; issues not preserved by such objection are precluded on
appeal).

_____
Landya McCafferty
United States Magistrate Judge

August 29, 2013

cc:  Jacob E. Palo, pro se

LBM:jba